STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Century Partners, LP, | } | Docket Nos. 136-7-08 Vtec and |
| Certificate of Occupancy Application | } | 201-9-08 Vtec |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

In Docket No. 136-7-08 Vtec, Appellant-Applicant Century Partners, LP, appealed from a decision of the Development Review Board (DRB) of the City of South Burlington remanding to the Administrative Officer Appellant's application for Certificate of Occupancy for 2 Market Street, which the Administrative Officer had denied in a March 18, 2008 decision. In Docket No. 201-9-08 Vtec, Appellant-Applicant Century Partners, LP, appealed from a decision of the DRB upholding the Administrative Officer's June 30, 2008 denial of a Certificate of Occupancy for 2 Market Street. Appellant-Applicant (Applicant) is represented by Erin Miller Heins, Esq.; the City is represented by John Klesch, Esq.

The parties have each moved for summary judgment. When both parties seek summary judgment, the Court will give each party the benefit of all reasonable doubts and inferences when the opposing party's motion is being considered. DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609; In re: Gizmo Realty/VKR Assocs., LLC, No. 199-9-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 30, 2008) (Durkin, J.). The following facts are undisputed unless otherwise noted.

Applicant developed a Planned Unit Development (PUD) that includes buildings at addresses now known as 100 Dorset Street and 102 Dorset Street, and 2 Market Street and 4 Market Street. Market Street is the current name of a street formerly shown as Corporate Way on some of the plans relating to this development. The PUD plans were

1

approved at some time prior to 1996 before the 2 Market Street building was proposed as part of the project.[1]

In 1996, Applicant proposed to amend the PUD, among other things, to add the small (3,000 square foot, two-story) office building now known as 2 Market Street, shown on some of the plans as "Building C," to house Applicant's own offices. The then-Planning Commission granted site plan approval at its hearing on December 10, 1996. The City has not provided the minutes of the Planning Commission hearing, but has provided the Planning Commission's written decision dated January 14, 1997.

Finding 7 of the decision states that "[t]he revised final plat should include a revised landscaping plan showing the proposed office building. This plan was requested from the applicant but not submitted." Finding 8 states that Applicant had "proposed" to carry out some of its "landscaping requirement" by making "landscaping and streetscape improvements along" what is now Market Street, but no specific finding was made regarding the location or nature of those proposals, and no plan or proposal containing them was referred to or incorporated in the decision.

The written decision approves the proposal "as depicted on a two (2) page set of plans . . . dated 10/31/95, last revised 12/2/96[2], with the following stipulations[.]" Condition 2 required that "[t]he plat plans shall be revised to show the changes below and shall require approval of the City Planner," as well as requiring three copies of the "approved revised plans" to be submitted to the City Planner prior to recording.

---

[1] Other aspects of this PUD have been litigated recently in In re Tekram Partners, 2005 VT 92, 178 Vt. 628 (mem.); In re Century Partners, LP PUD, No. 210-9-06 Vtec (Vt. Envtl. Ct. May 10, 2007) (Durkin, J.).

[2] The plan with the last revision date of 12/2/96 specifies landscaping for the remainder of the project, but with reference to the 2 Market Street building only shows an undisputed line of trees along the westerly boundary of the property and does not show the disputed landscaping.

Subparagraph (a) stated "[a] landscaping plan shall be submitted showing all existing and proposed landscaping including building 'C.'"

A month earlier, on December 12, 1996, Applicant provided a copy of the 12/2/96 plan, showing the newly-approved 2 Market Street "Building C," which was signed a few days later, on December 18, 1996, by the Chairman or Clerk of the Planning Commission. This stamped and signed copy of the 12/2/96 plan, does not contain the disputed landscaping; it states that it is the plan "[a]pproved by resolution of the Planning Commission . . . on the 10th day of December, 1996" subject to the requirements of the conditions of "said resolution."

An undated landscaping plan (the disputed landscaping) exists in the City's files which shows the 2 Market Street building in cross-hatching, superimposed on an area containing three Austrian pines and five Mugho pines, with handwritten indications of the locations to which the displaced pines were proposed to be moved. That plan shows other landscaping and a boulder in a small area on Market Street adjacent to the parking structure, and other landscaping in the triangle of land behind the 2 Market Street building. That plan contains a handwritten notation on the reverse side that refers to the two amendments sought and approved at the December 10, 1996 Planning Commission meeting, refers to the two addresses "100 Dorset St." and "2 Corporate Way", and includes the date "12-10-96." No Planning Commission or any other approval appears on either the face or the reverse of this document.

Applicant received a temporary certificate of occupancy on March 21, 1997, which expired after 90 days. Neither party's record contains an application for or record of the issuance of a permanent certificate of occupancy. Applicant occupied the 2 Market Street building from 1997 until applying for the certificate of occupancy that is at issue in the present appeals in 2008, due to requirements of a refinancing entity.

3

<u>Docket No. 136-7-08 Vtec</u>

On March 18, 2008, the Administrative Officer denied the application for reasons unrelated to the landscaping surrounding the 2 Market Street building; Applicant appealed that decision to the Development Review Board. Although the Development Review Board agreed that the reasons stated in the March 2008 denial were not legitimate reasons to deny the certificate of occupancy for 2 Market Street, it did not overturn that denial or issue the requested certificate of occupancy. Rather, it remanded the matter to the Administrative Officer at his request, so that he could issue a new decision based on information obtained after the date of the March 18, 2009 denial. Applicant appealed that decision in Docket No. 136-7-08 Vtec.

The parties have not pointed the Court to any statutory authority for a Development Review Board to decline to rule on an appeal, or to remand a matter to the Administrative Officer. See 24 V.S.A. §§ 4460(e)(10), 4464(b)(1). Rather, the Development Review Board had only the jurisdiction to rule on the appeal of the Administrative Officer's March 18, 2008, decision, that is, the denial of the Certificate of Occupancy for 2 Market Street for the reasons stated in that decision. The parties agree, and the DRB determined, that the reasons given in the March 18, 2009 Administrative Officer's decision for the denial "do not constitute grounds for the denial."

Accordingly, based on the foregoing, in Docket No. 136-7-08 Vtec it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED, in that no statutory basis has been shown for a Development Review Board to remand an appeal to the Administrative Officer. The Zoning Administrator's March 18, 2008 denial of the Certificate of Occupancy for 2 Market Street was not based on any legitimate reason connected with 2 Market Street, and is hereby vacated as to 2 Market Street, concluding Docket No. 136-7-08 Vtec.

4

Docket No. 201-9-08 Vtec

On June 30, 2008, the Administrative Officer denied the remanded certificate of occupancy due to asserted violations of the disputed landscaping plan.

The plan stamped as approved by the Planning Commission on December 18, 1996, does not include the disputed landscaping. Several other plans have been approved over the years by the Planning Commission or its successor, none of which includes the disputed landscaping. If the plan containing the disputed landscaping was even ever submitted by Applicant for the purposes of approval, there is no indication that it was approved by the Planning Commission or even by the City Planner.

Even if it had been signed or marked as "approved" by the City Planner, there is no authority for the Planning Commission (or any municipal panel) to delegate to a staff member such as the City Planner the subsequent approval of plans that are within the jurisdiction of the Planning Commission (or that panel). See, e.g., In re Woodstock Cmty. Trust, Inc., Nos. 263-11-06 Vtec, 126-6-07 Vtec, slip op. at 8–9 (Vt. Envtl. Ct. Oct. 3, 2007) (Wright, J.); In re Appeal of Sunset Cliff, Inc., No. 26-2-01 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Nov. 13, 2001). Only those plans that have been approved by the municipal body having the responsibility for that approval (including an applicant's own application materials cited in the approval document) can be the basis for a denial of a certificate of occupancy.

In the present case no such plan exists; therefore the certificate of occupancy, ratifying Appellant-Applicant's eleven-year actual occupancy of 2 Market Street is HEREBY ISSUED.

Accordingly, based on the foregoing, in Docket No. 201-9-08 Vtec it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is

5

GRANTED, granting Appellant a Certificate of Occupancy for 2 Market Street, and concluding Docket No. 201-9-08 Vtec.

Appellant-Applicant may prepare a judgment order for the Court's signature.

Done at Berlin, Vermont, this 30th day of January, 2009.

_____

Merideth Wright
Environmental Judge